UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
Susan Scalfani,

                    Plaintiff,

   -against-

The United States of America,

                    Defendant
-----------------------------------------------------------X

Civil Action No.:

COMPLAINT

Plaintiff Susan Scalfani, by her attorney, John L. O'Kelly, Esq., as and for her Complaint against the defendant United States of America, respectfully sets forth and alleges:

**PARTIES**

1. The plaintiff is Susan Scalfani, who resides at 22 Highland Road, Rocky Point, Suffolk County, New York 11778-9633, and has so resided there at all pertinent times.

2. The defendant is the United States of America, who resides, for purposes of the within action, within the Eastern District of New York, at: c\o Richard P. Donohue, United States Attorney for the Eastern District of New York, 271 Cadman Plaza East, Brooklyn, New York 11201, and at: c/o William P. Barr, Attorney General of the United States, United States Department of Justice, 950 Pennsylvania Avenue, N.W., Washington, D.C. 20530-0001.

**JURISDICTION**

3. The Court has jurisdiction both because the United States of America is a defendant and because the matter involves a federal question, this as it has been brought pursuant to the Federal Tort Claims Act ("FTCA"), i.e., 28 USC §§1346(b) and §§2671-2680.

**STATEMENT OF CLAIM**

4. The plaintiff made a claim in this matter on or about November 14, 2019 to the United States

Department of Veterans Affairs. The claim was made via the submission of a cover letter and Standard Form 95 ("SF 95") prescribed for that purpose. (Copies of the SF-95 and cover letter are collectively annexed as **Exhibit 1** and made a part herein for all purposes.)

5. The claim was denied by letter dated February 25, 2020 from the Office of General Counsel of the U.S. Department of Veteran Affairs. (Copy of denial letter annexed as **Exhibit 2** and made a part herein for all purposes.)

6. In the denial letter, the Office of General Counsel advised that Ms. Scalfani was now free to bring suit against the United States of America on her claim and must do so within six months. Hence the within.

## **FACTS**

7. On May 25, 2019 at approximately 9:45 a.m. the plaintiff, Susan Scalfani, a then fifty year old school teacher, was, with others, lawfully and properly on the grounds of Calverton National Cemetery (hereinafter "Calverton", "cemetery" and/or "defendant"), located at 210 Princeton Boulevard, Calverton, New York 11933, when she was caused to fall and injure herself ("the fall" or "the accident").

8. That the fall occurred in or around the area designated Section 33 of the cemetery, in or around the area of graves numbered 33290 and/or 33291, or thereabouts, ("accident site").

9. At the time of her fall, Ms. Scalfani was with her daughters' Girl Scout Troop, chaperoning. The Girl Scouts were at the cemetery to place flags on the gravestones of veterans there, an annual event, i.e., Flag Placement Day, held in connection with Memorial Day.

10. The fall occurred when Ms. Scalfani stepped into a hole or depression ("defect") obscured by high grass at the accident site described above.

11. Ms. Scalfani was unable to rise following her fall. 911 was called.

12. Riverhead Police, Wading River EMS and Calverton Cemetery personnel responded to the scene of the accident.

13. The Calverton cemetery person at the scene of the accident advised he was going to prepare an incident report concerning the accident.

14. Plaintiff was removed from the scene by ambulance to the St. Charles Hospital Emergency Department in Port Jefferson, New York 11777.

15. Ms. Scalfani sustained injuries to her left foot/ankle in the fall, including ligament tears, along with injuries to her cervical spine, and to her left hip, left shoulder, left leg and lumbar spine. The injuries also led to the exacerbation of pre-existing right ankle and bilateral hip conditions as well as to the development of a lumbar spine condition.

16. Ms. Scalfani has been under the care of doctors for the injures she sustained in the accident since the day of the accident, and continues to receive medical care as a result of the accident.

17. Ms. Scalfani was totally disabled for months following her accident, and continues to be partially disabled as a result of the accident.

18. Ms. Scalfani experienced pain as a result of the accident from the time of the accident and continues to experience pain as a result of the accident.

19. Ms. Scalfani didn't notice the defect before it caused her to fall and injure herself.

20. Ms. Scalfani didn't notice the defect that caused her fall and injuries because it was obscured by high grass at the time of the accident.

21. Shortly after the accident, within days, the defect that caused Ms. Scalfani's fall was "filled in" with fresh dirt/sod, apparently by cemetery personnel.

22. Despite requests for same, the cemetery has failed to provide Ms. Scalfani or her counsel

with the incident report regarding her accident.

## ALLEGATIONS

23. The cemetery had a duty to provide safe grounds for the benefit of its visitors, such as the plaintiff.

24. Cemetery personnel were, and/or should have been, in the exercise of reasonable care, aware of the defect that caused plaintiff's fall prior to her fall.

25 Cemetery personnel should have, in the exercise of reasonable care, discovered, repaired, ameliorated, and/or warned cemetery visitors of the defect that caused plaintiff's fall prior to her fall.

26. Cemetery personnel failed to appropriately discover, repair, ameliorate, and/or warn cemetery visitors such as the plaintiff of the defect that caused plaintiff's fall prior to her fall.

27. Per the foregoing, the cemetery breached its duty to provide reasonably safe grounds for the benefit of its visitors, like the plaintiff.

28. Cemetery personnel were aware that persons like the plaintiff would be visiting the cemetery on the day of the accident to place flags.

29. Cemetery personnel had a responsibility to maintain the grounds in a manner that made them reasonably safe for such visitors like the plaintiff.

30. Given that cemetery personnel were, and/or should have been, aware that persons like the plaintiff would be visiting the cemetery on the day of the accident to place flags it was negligent for them to have ignored the defect that caused plaintiff's fall, prior to her fall.

31. Given that cemetery personnel were, and/or should have been, aware that persons like the plaintiff would be visiting the cemetery on the day of the accident to place flags it was negligent for them to have failed to discover and remedy the defect that caused plaintiff's fall prior to her

fall.

32. Given that cemetery personnel were, or should have been, aware that persons like the plaintiff would be visiting the cemetery on the day of the accident to place flags it was unreasonable for them to have failed to discover and remedy the defect that caused plaintiff's fall prior to her fall.

33. Given that cemetery personnel were, and/or should have been, aware that persons like the plaintiff would be visiting the cemetery on the day of the accident to place flags it was negligent for them not to have cut the grass, which obscured the defect, to a reasonable length around the site of the defect that caused

plaintiff's fall prior to her fall.

34. Given that cemetery personnel were, and/or should have been, aware that persons like the plaintiff would be visiting the cemetery on the day of the accident to place flags it was unreasonable for them not to have cut the grass, which obscured the defect, to a reasonable length around the site of the defect that caused plaintiff's fall prior to her fall.

35. Given that cemetery personnel were, and/or should have been, aware that persons like the plaintiff would be visiting the cemetery on the day of the accident to place flags it was negligent for them to have failed to fill in the defect that caused plaintiff's fall prior to her fall.

36. Given that cemetery personnel were, and/or should have been, aware that persons like the plaintiff would be visiting the cemetery on the day of the accident to place flags it was unreasonable for them to have failed to fill in the defect that caused plaintiff's fall prior to her fall.

37. Given that cemetery personnel were, and/or should have been, aware that persons like the plaintiff would be visiting the cemetery on the day of the accident to place flags it was negligent

for them to fail to place a warning sign or signs in the area of the defect, prior to plaintiff's fall, to warn persons, such as the plaintiff, of the presence of the defect

38. Given that cemetery personnel were, or should have been, aware that persons like the plaintiff would be visiting the cemetery on the day of the accident to place flags it was unreasonable for them to fail to place a warning sign or signs in the area of the defect, prior to plaintiff's fall, to warn persons, such as the plaintiff, of the presence of the defect.

39. It was foreseeable that persons, such as the plaintiff, would visit the cemetery on the day of the accident, and would be in danger of falling and injuring themselves if the defect was left unrepaired/unaddressed

40. That the defendant's actions and/or omissions, as stated supra and/or otherwise, was/were the proximate cause(s) of Ms. Scalfani's fall and related injuries.

41. That the defendant's actions and/or omissions, as stated supra and/or otherwise, was/were the proximate cause(s) of Ms. Scalfani's fall and related injuries, and were negligent.

42. That the defendant's actions and/or omissions, as stated supra and/or otherwis, was/were the proximate cause(s) of Ms. Scalfani's fall and related injuries, and were unreasonable.

43. Ms. Scalfani has suffered serious personal injuries, pain, and suffering as a result of defendant's negligence.

42. Ms. Scalfani has suffered serious personal injuries, pain and suffering as a result of defendant's unreasonableness.

43. Defendant owed a duty to the plaintiff and/or to others similarly situated to maintain the cemetery in a reasonably safe condition at the time of plaintiff's fall.

44. Defendant breached its duty owed to the plaintiff and/or to others similarly situated by failing to maintain the cemetery in a reasonably safe condition at the time of plaintiff's fall.

45. That defendant's breach of its duty caused plaintiff's fall and resulting injuries.

46. Subsequent to the filing of the November 14, 2019 claim referenced above, plaintiff became aware of additional and/or exacerbated injuries caused by her fall, including lumbar spine injuries.

**WHEREFORE,** the plaintiff, Susan Scalfani, demands judgment against the defendant, United States of America, in the amount of $225,000. or in such other amount as the Court, following Trial, determines to be reasonable/adequate compensation for the injuries she suffered, and pain and suffering she has endured, and continues to endure, together with an award for interest, costs, fees, disbursements on the action, to the extent such are available and warranted.

Dated: East Williston, New York
      June 10, 2020

                                  JOHN L. O'KELLY, ESQ. (7147)
                                      Attorney For Plaintiff
                                      127 Bengeyfield Drive
                                East Williston, New York 11596
                                          (516) 248-333
                                        jokelly@optonline.net

To: Richard P. Donohue,
    United States Attorney for the Eastern District of New York
    271 Cadman Plaza East,
    Brooklyn, New York 11201

    William P. Barr,
    Attorney General of the United States
    United States Department of Justice,
    950 Pennsylvania Avenue, N.W.,
    Washington, D.C. 20530-0001

**EXHIBIT 1**

# JOHN L. O'KELLY, ESQ.
## 127 Bengeyfield Drive
## East Williston, New York 11596
## (516) 248-3338
## (516) 248-4187 fax

November 14, 2019

Richard J. Hipolit
Acting General Counsel
U.S. Department of Veteran Affairs
810 Vermont Avenue NW
Washington, D.C. 20420

Dan Rattray
Office of Chief Counsel
U.S. Department of Veteran Affairs
North Atlantic District
251 North Main Street
Winston-Salem, North Carolina 27155

       Re: Claimant: Susan Scalfani- Forms SF 95 Attached
         Date of Birth: January 11, 1969
         Date of Accident: May 25, 2019 (Saturday- Flag Placement Day)
         Place of Accident: Section 33, Calverton National Cemetery, N.Y.
         Time of Accident: Approximately 9:45 a.m.

Dear Sirs:

I am the attorney for Susan Scalfani, referenced above, who was injured in an accident that occurred on May 25, 2019 at Calverton National Cemetery ("cemetery" or "Calverton")), located at 210 Princeton Boulevard, Calverton, New York 11933 at approximately 9:45 a.m. on Saturday, May 25, 2019 (Flag Placement Day, aka "Day of Accident" or "DOA".) Please consider the within Ms. Scalfani's claim pursuant to the Federal Tort Claims Act.

Attached hereto and made part of the within claim are completed SF-95 forms addressed to Mr. Hipolit and Mr. Rattray, as set forth above, along with a June 4, 2019 letter from the Director of Calverton to Ms. Scalfani acknowledging her June 25, 2019 accident. Also annexed are excerpts from the May 25, 2019 ER record of St, Charles relating to Ms. Scalfani, including reports re X-ray reports taken of her ankle, hips and pelvis, and CT scans taken of her head and cervical spine in the ER. Lastly, enclosed are May 28, 2019 office notes of Dr. Lorenzo Gamez about Ms. Scalfani's visit to him regarding the left foot ankle injury she sustained at the cemetery, along with a report of the left foot/ankle MRI taken of claimant on May 28, 2019, also at St. Charles.

As set forth in the SF 95 forms attached, Ms. Scalfani was at the cemetery on the DOA with her daughters' Girl Scout Troop to place flags on the graves of veterans buried there. At that time, while in Section 33, in the area of graves numbered 33290 or 33291, or thereabouts, Ms. Scalfani was caused to fall after stepping into a hole or depression that was obscured by high grass. As set forth in the SF 95,

Ms. Scalfani injured her left ankle/foot in the fall, suffering a tear to her anterior talo-fibular ligament. She also suffered injuries to her head, cervical spine, bilateral hips and left leg.

The Riverhead Police and Wading River Ambulance Departments responded to the scene. Ms. Scalfani was transported by ambulance to the St. Charles Hospital Emergency room in Port Jefferson where she was treated before being released. At the time of the accident, cemetery personnel also responded to the scene. Specifically, a male employee of the cemetery spoke with Ms. Jen Intravia, another mother who accompanied the Girl Scout Troop to the cemetery and who tended to Ms. Scalfani at the scene, concerning the accident and advised he was preparing an incident report. However, despite requests for same, no incident report has been provided either to my office or to Ms. Scalfani by the cemetery.

Concerning witnesses, eye witnesses to Ms. Scalfani's fall were her twin children, Carl and Isabella. They are 11 years old. A further eyewitness was a man who was accompanying one of the other troops who were also planting flags. He was walking side by side with Ms. Scalfani at the time of her fall. Ms. Scalfani is not aware of the name of this individual at this time, though he may have provided his name to the cemetery, police or ambulance personnel. Ms. Jen Intravia, mentioned above, witnessed the immediate aftermath of Ms. Scalfani's fall, i.e., while she remained on the ground pending arrival of the ambulance and police. Ms. Intravia, a medical professional, tended to Ms. Scalfani during that time. As mentioned, she provided an account of the accident at the scene to the cemetery employee who advised he was preparing an incident report. Ms. Intravia's phone number is (631) 513-2069.

Thank you for your consideration. Please advise if you need anything further.

Sincerely,

John L. O'Kelly

Cc: Director
Calverton National Cemetery
210 Princeton Boulevard
Calverton, New York 11933

# CLAIM FOR DAMAGE, INJURY, OR DEATH

**INSTRUCTIONS:** Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions.

FORM APPROVED
OMB NO.
1105-0008

| 1. Submit To Appropriate Federal Agency: | 2. Name, Address of claimant and claimant's personal representative, if any. (See instructions on reverse.) (Number, Street, City, State and Zip Code) |
|---|---|
| Richard J. Hipolit<br>Acting General Counsel<br>U.S. Department of Veterans Affairs<br>810 Vermont Avenue NW<br>Washington, D.C. 20420 | Claimant- Susan Scalfani, 22 Highland Road, Rocky Point, N.Y. 11778<br>Claimant's Personal Representative- John L. O'Kelly, Esq.<br>127 Bengeyfield Drive, East Williston, New York 11596<br>(516) 248-3338; jokelly@optonline.net |

| 3. TYPE OF EMPLOYMENT<br>☐ MILITARY ☒ CIVILIAN | 4. DATE OF BIRTH<br>January 11, 1969 | 5. MARITAL STATUS<br>Married | 6. DATE AND DAY OF ACCIDENT<br>May 25, 2019 (Saturday) | 7. TIME (A.M. OR P.M.)<br>9:45 a.m. |
|---|---|---|---|---|

8. Basis of Claim (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof. Use additional pages if necessary.)

On May 25, 2019 (Flag Placement Day) at around 9:45 am the claimant, Susan Scalfani, was at Calverton National Cemetery, 210 Princeton Blvd. Calverton N.Y. 11933 with her daughter's Girl Scout Troop planting flags at the graves of veterans there in Section 33, approximately nine graves over and six headstones back from the center aisle in the approximate area of graves 33290 and 33291, when she stepped into a hole, culvert or depression at that location which was obscured by high grass which caused her to fall and injure herself. The Riverhead Police Department and Wading River Ambulance responded to the scene. Ms. Scalfani was transported by ambulance to the St. Charles Hospital Emergency Room in Port Jefferson where she was treated. Cemetery personnel were aware of the incident at or around the time it occurred. A copy of a June 4, 2019 letter from the Assistant Director of the cemetery to Ms. Scalfani in this regard is annexed.

## 9. PROPERTY DAMAGE

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, Street, City, State, and Zip Code).

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF DAMAGE AND THE LOCATION WHERE PROPERTY MAY BE INSPECTED.
(See Instructions on reverse side.)

## 10. PERSONAL INJURY/WRONGFUL DEATH

STATE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE NAME OF INJURED PERSON OR DECEDENT.

Ms. Scalfani suffered a left foot/ankle injury in the accident. Specific findings on MRI of May 28, 2019 (copy of report annexed) in this regard stated: "partial thickness interstitial tear of the anterior talo-fibular ligament (ATFL) with surrounding soft tissue edema". Ms. Scalfani also suffered injury to her cervical spine, i.e., disc bulges and protrusions, at C3-C4, C4-C5 and C5-C6, as noted on a CT scan taken at St. Charles on May 25, 2019 (copy of report annexed), and injury to her left hip, left shoulder and left leg, all of which served to exacerbate pre-existing right ankle and bilateral hip conditions.

## 11. WITNESSES

| NAME | ADDRESS (Number, Street, City, State, and Zip Code) |
|---|---|
| See Annexed Cover Letter Re Witness Information | |

## 12. (See instructions on reverse.) AMOUNT OF CLAIM (in dollars)

| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights.) |
|---|---|---|---|
| | $90,000 | | $90,000 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE INCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side.) | 13b. Phone number of person signing form | 14. DATE OF SIGNATURE |
|---|---|---|
| /s/ John L. O'Kelly, Esq. | (516) 248-3338 | 11/14/19 |

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant is liable to the United States Government for the civil penalty of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the Government. (See 31 U.S.C. 3729.) | Fine of not more than $10,000 or imprisonment for not more than 5 years or both. (See 18 U.S.C. 287, 1001.) |

95-109     NSN 7540-00-634-4046     STANDARD FORM 95
PRESCRIBED BY DEPT. OF JUSTICE
28 CFR 14.2

## INSURANCE COVERAGE

In order that subrogation claims may be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of his vehicle or property.

| 15. Do you carry accident insurance? ☐ Yes   If yes, give name and address of insurance company (Number, Street, City, State, and Zip Code) and policy number. | ☒ No |
|---|---|

| 16. Have you filed a claim on your insurance carrier in this instance, and if so, is it full coverage or deductible?   ☐ Yes   ☒ No | 17. If deductible, state amount. |
|---|---|

18. If a claim has been filed with your carrier, what action has your insurer taken or proposed to take with reference to your claim? (It is necessary that you ascertain these facts.)

| 19. Do you carry public liability and property damage insurance?  ☐ Yes   If yes, give name and address of insurance carrier (Number, Street, City, State, and Zip Code). | ☒ No |
|---|---|

## INSTRUCTIONS

**Claims presented under the Federal Tort Claims Act should be submitted directly to the "appropriate Federal agency" whose employee(s) was involved in the incident. If the incident involves more than one claimant, each claimant should submit a separate claim form.**

Complete all items - Insert the word NONE where applicable.

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE, AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY DAMAGES IN A <u>SUM CERTAIN</u> FOR INJURY TO OR LOSS OF PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT. THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN <u>TWO YEARS</u> AFTER THE CLAIM ACCRUES.

Failure to completely execute this form or to supply the requested material within two years from the date the claim accrued may render your claim invalid. A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.

If instruction is needed in completing this form, the agency listed in item #1 on the reverse side may be contacted. Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplementing regulations. If more than one agency is involved, please state each agency.

The claim may be filed by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with the claim establishing express authority to act for the claimant. A claim presented by an agent or legal representative must be presented in the name of the claimant. If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file for both personal injury and property damage, the amount for each must be shown in item #12 of this form.

The amount claimed should be substantiated by competent evidence as follows:

(a) In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

(b) In support of claims for damage to property, which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

(c) In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident. Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

(d) Failure to specify a sum certain will render your claim invalid and may result in forfeiture of your rights.

## PRIVACY ACT NOTICE

This Notice is provided in accordance with the Privacy Act, 5 U.S.C. 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.
  A. *Authority:* The requested information is solicited pursuant to one or more of the following: 5 U.S.C. 301, 28 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R. Part 14.

B. *Principal Purpose:* The information requested is to be used in evaluating claims.
C. *Routine Use:* See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.
D. *Effect of Failure to Respond:* Disclosure is voluntary. However, failure to supply the requested information or to execute the form may render your claim "invalid".

## PAPERWORK REDUCTION ACT NOTICE

This notice is <u>solely</u> for the purpose of the Paperwork Reduction Act, 44 U.S.C. 3501. Public reporting burden for this collection of information is estimated to average 6 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to the Director, Torts Branch, Attention: Paperwork Reduction Staff, Civil Division, U.S. Department of Justice, Washington, D.C. 20530 or to the Office of Management and Budget. Do not mail completed form(s) to these addresses.

SF 95 BACK

# CLAIM FOR DAMAGE, INJURY, OR DEATH

**INSTRUCTIONS:** Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions.

FORM APPROVED OMB NO. 1105-0008

**1. Submit To Appropriate Federal Agency:**
Dan Rattray- Office of Chief Counsel
Department of Veterans Affairs
North Atlantic District
251 North Main Street
Winston-Salem, North Carolina 27155

**2. Name, Address of claimant and claimant's personal representative, if any. (See instructions on reverse.) (Number, Street, City, State and Zip Code)**
Claimant- Susan Scalfani, 22 Highland Road, Rocky Point, N.Y. 11778
Claimant's Personal Representative- John L. O'Kelly, Esq.
127 Bengeyfield Drive, East Williston, New York 11596
(516) 248-3338; jokelly@optonline.net

**3. TYPE OF EMPLOYMENT:** ☐ MILITARY ☒ CIVILIAN
**4. DATE OF BIRTH:** January 11, 1969
**5. MARITAL STATUS:** Married
**6. DATE AND DAY OF ACCIDENT:** May 25, 2019 (Saturday)
**7. TIME (A.M. OR P.M.):** 9:45 a.m.

**8. Basis of Claim** (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof. Use additional pages if necessary.)

On May 25, 2019 (Flag Placement Day) at around 9:45 am the claimant, Susan Scalfani, was at Calverton National Cemetery, 210 Princeton Blvd, Calverton N.Y. 11933 with her daughter's Girl Scout Troop planting flags at the graves of veterans there in Section 33, approximately nine graves over and six headstones back from the center aisle in the approximate area of graves 33290 and 33291, when she stepped into a hole, culvert or depression at that location which was obscured by high grass which caused her to fall and injure herself. The Riverhead Police Department and Wading River Ambulance responded to the scene. Ms. Scalfani was transported by ambulance to the St. Charles Hospital Emergency Room in Port Jefferson where she was treated. Cemetery personnel were aware of the incident at or around the time it occurred. A copy of a June 4, 2019 letter from the Assistant Director of the cemetery to Ms. Scalfani in this regard is annexed.

## 9. PROPERTY DAMAGE

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, Street, City, State, and Zip Code).

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF DAMAGE AND THE LOCATION WHERE PROPERTY MAY BE INSPECTED. (See instructions on reverse side.)

## 10. PERSONAL INJURY/WRONGFUL DEATH

STATE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE NAME OF INJURED PERSON OR DECEDENT.

Ms. Scalfani suffered a left foot/ankle injury in the accident. Specific findings on MRI of May 28, 2019 (copy of report annexed) in this regard stated: "partial thickness interstitial tear of the anterior talo-fibular ligament (ATFL) with surrounding soft tissue edema". Ms. Scalafani also suffered injury to her cervical spine, i.e., disc bulges and protrusions, at C3-C4, C4-C5 and C5-C6, as noted on a CT scan taken at St. Charles on May 25, 2019 (copy of report annexed), and injury to her left hip, left shoulder and left leg, all of which served to exacerbate pre-existing right ankle and bilateral hip conditions.

## 11. WITNESSES

| NAME | ADDRESS (Number, Street, City, State, and Zip Code) |
|---|---|
| See Annexed Cover Letter Re Witness Information | |

## 12. (See instructions on reverse.) AMOUNT OF CLAIM (in dollars)

| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights.) |
|---|---|---|---|
| | $90,000 | | $90,000 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE INCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM

**13a. SIGNATURE OF CLAIMANT** (See instructions on reverse side.)
*/s/ John L. O'Kelly, Esq.*

**13b. Phone number of person signing form:** (516) 248-3338

**14. DATE OF SIGNATURE:** 11/14/19

### CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM
The claimant is liable to the United States Government for the civil penalty of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the Government. (See 31 U.S.C. 3729).

### CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS
Fine of not more than $10,000 or imprisonment for not more than 5 years or both. (See 18 U.S.C. 287, 1001.)

95-109 NSN 7540-00-634-4046

STANDARD FORM 95
PRESCRIBED BY DEPT. OF JUSTICE
28 CFR 14.2

## INSURANCE COVERAGE

In order that subrogation claims may be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of his vehicle or property.

**15.** Do you carry accident insurance? ☐ Yes   If yes, give name and address of insurance company (Number, Street, City, State, and Zip Code) and policy number.   ☒ No

**16.** Have you filed a claim on your insurance carrier in this instance, and if so, is it full coverage or deductible?   ☐ Yes   ☒ No   **17.** If deductible, state amount.

**18.** If a claim has been filed with your carrier, what action has your insurer taken or proposed to take with reference to your claim? (It is necessary that you ascertain these facts.)

**19.** Do you carry public liability and property damage insurance? ☐ Yes   If yes, give name and address of insurance carrier (Number, Street, City, State, and Zip Code).   ☒ No

## INSTRUCTIONS

**Claims presented under the Federal Tort Claims Act should be submitted directly to the "appropriate Federal agency" whose employee(s) was involved in the incident. If the incident involves more than one claimant, each claimant should submit a separate claim form.**

Complete all items - Insert the word NONE where applicable.

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE, AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY DAMAGES IN A <u>SUM CERTAIN</u> FOR INJURY TO OR LOSS OF PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT. THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN **TWO YEARS** AFTER THE CLAIM ACCRUES.

Failure to completely execute this form or to supply the requested material within two years from the date the claim accrued may render your claim invalid. A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.

If instruction is needed in completing this form, the agency listed in item #1 on the reverse side may be contacted. Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplementing regulations. If more than one agency is involved, please state each agency.

The claim may be filed by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with the claim establishing express authority to act for the claimant. A claim presented by an agent or legal representative must be presented in the name of the claimant. If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file for both personal injury and property damage, the amount for each must be shown in item #12 of this form.

The amount claimed should be substantiated by competent evidence as follows:

(a) In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

(b) In support of claims for damage to property, which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

(c) In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident. Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

(d) Failure to specify a sum certain will render your claim invalid and may result in forfeiture of your rights.

## PRIVACY ACT NOTICE

This Notice is provided in accordance with the Privacy Act, 5 U.S.C. 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.
  A. *Authority:* The requested information is solicited pursuant to one or more of the following: 5 U.S.C. 301, 28 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R. Part 14.

  B. *Principal Purpose:* The information requested is to be used in evaluating claims.
  C. *Routine Use:* See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.
  D. *Effect of Failure to Respond:* Disclosure is voluntary. However, failure to supply the requested information or to execute the form may render your claim "invalid".

## PAPERWORK REDUCTION ACT NOTICE

This notice is <u>solely</u> for the purpose of the Paperwork Reduction Act, 44 U.S.C. 3501. Public reporting burden for this collection of information is estimated to average 6 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to the Director, Torts Branch, Attention: Paperwork Reduction Staff, Civil Division, U.S. Department of Justice, Washington, D.C. 20530 or to the Office of Management and Budget. Do not mail completed form(s) to these addresses.

SF 95   BACK

**DEPARTMENT OF VETERANS AFFAIRS**
Calverton National Cemetery
210 Princeton Boulevard
Calverton, NY 11933



June 4, 2019

Susan Scalfani
22 Highland Rd.
Rocky Point, NY 11778

Dear Mrs. Scalfani,

    This letter is in response to your request regarding verification to your employer for an injury at Calverton National Cemetery on Flag Placement Day May 25, 2019 in section 33. The injury reported was your left ankle, and Wading River Ambulette aided and transported you to Saint Charles medical facility.

    We take pride in our cemetery and are providing you with form SF-95 claim for Damage, Injury or Death to file a claim.

    Calverton National Cemetery has reported this incident to our safety team, grounds foreman and assistant director for inspection of the area indicated.

    If you have further questions, please contact our office at (631) 727-5410 x1130 and speak with the secretary.

Enclosure

Sincerely,

Assistant Director

**EXHIBIT 2**



**U.S. Department of Veterans Affairs**
Office of General Counsel

140 Fountain Parkway, Suite 520
St. Petersburg, FL 33716
Telephone: 727.902.7466
Facsimile: 727.540.3917
Email: sonya.barganier@va.gov
www.va.gov/ogc

In Reply Refer To: GCL 452144

Via Certified Mail 7017 0190 0001 1823 9324
February 25, 2020

John L. O'Kelly, Esq.
127 Bengeyfield Dr.
East Williston, NY 11596

Re: Administrative Tort Claim – Susan Scalfani

Dear Mr. O'Kelly:

The Department of Veterans Affairs (VA) has thoroughly investigated the facts and circumstances surrounding the above-referenced administrative tort claim.

The Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b) and 2671-2680, under which you filed your claim, provides for monetary compensation when a Government employee, acting within the scope of employment, results in injury or damage to property of another by a negligent or wrongful act or omission.

Our review concluded there was no evidence of any negligent or wrongful act on the part of an employee of the VA acting within the scope of employment that caused you compensable harm. Accordingly, we deny this claim.

If you are dissatisfied with the denial of this claim, you may file suit directly under the FTCA, 28 U.S.C. §§ 1346(b) and 2671-2680. The FTCA provides that when an agency denies an administrative tort claim, the claimant may seek judicial relief in a Federal district court. The claimant must initiate the suit within six months of the mailing of this notice as shown by the date of this denial (28 U.S.C. § 2401(b)). In any lawsuit, the proper party defendant is the United States, not the Department of Veterans Affairs.

Please note that FTCA claims are governed by a combination of Federal and state laws. Some state laws may limit or bar a claim or law suit. VA attorneys handling FTCA claims work for the Federal government and cannot provide advice regarding the impact of state laws or state filing requirements.

Sincerely,

*Kristen Nelson*

Kristen Nelson
Deputy Chief Counsel